UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RICHARD PHILLIPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:21-cv-00118-SLC |
| | ) |
| **KELLEY CHEVY, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

On January 7, 2022, this Court entered an Opinion and Order (ECF 21) granting in part and denying in part Defendant's motion for sanctions (ECF 13), which sought to dismiss this case or otherwise sanction Plaintiff for his alleged fabrication of evidence and perjury during his deposition. Now before the Court is Defendant's fully-briefed motion to reconsider that Opinion and Order.[1] (ECF 24, 25, 26). For the following reasons, the motion to reconsider will be DENIED.

*A. Legal Standard*

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *see Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)); *Lock Realty Corp. IX v. U.S. Health, LP*, No. 3:06-CV-487RM, 2010 WL 148296, at *1 (N.D. Ind. Jan. 13, 2010) ("These grounds

---

[1] The Court will not repeat the case background here, given that it was recently summarized in the January 7th Opinion and Order. (ECF 21 at 1-2).

represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances . . . ." (alteration in original) (citation omitted)). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale De Credit Agricole*, 90 F.3d at 1269 (citation omitted). Likewise, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*. "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Lock Realty Corp. IX*, 2010 WL 148296, at *1 (citation omitted)).

### B. Analysis

As grounds for its motion to reconsider, Defendant asserts that the Court "misunderstood a party"—more pointedly, that "[t]he Court . . . was misled by the November Affidavit of [Teon] Hoffman-Fryar."[2] (ECF 24 at 3); *see Lock Realty Corp. IX*, 2010 WL 148296, at *1 ("Reconsideration of an . . . order may be appropriate . . . when the court has misunderstood a party . . . ."). Specifically, Defendant take issues with the Court's statement that "Hoffman-Fryar in his November Affidavit attempts to walk back the statements he made in the September Affidavit, which undercuts his credibility as a witness." (ECF 21 at 6; ECF 24 at 4-6).

Defendant contends that "the sole reason the Court is questioning [Hoffman-Fryar's] credibility is due to the distorted wording of the [November Affidavit] crafted by Plaintiff." (ECF 24 at 5). As Defendant sees it, Hoffman-Fryar's statements in both the September Affidavit and the November Affidavit are actually consistent with its theory that Plaintiff fabricated the typed

---

[2] The "November Affidavit" and "September Affidavit" shall have the same meanings ascribed to them in the Court's January 7th Opinion and Order. (*See* ECF 21 at 4).

2

racist note produced in discovery. (*Id.*). Defendant now asks the Court to reconsider its ruling and conduct an evidentiary hearing so that Hoffman-Fryar can "explain to the Court not just what he saw when he saw the note in December 2019, but to explain what he meant in the affidavit he signed in November." (*Id.* at 6).

Notably, Defendant never asked for an evidentiary hearing when it filed its motion for sanctions. (*See* ECF 13, 14, 20); *see generally Bullock v. Reckenwalk*, No. 15cv5255 (LTS) (DF), 2016 WL 5793974, at *19 (S.D.N.Y. Aug. 24, 2016) ("[I]t is within the Court's discretion to hold an evidentiary hearing on a sanctions motion, [but] no such hearing is required." (first alteration in original) (citation omitted)).  Rather, Defendant simply urged in its motion for sanctions that Hoffman-Fryar's testimony "clearly establishes that the alleged note . . . is a fake," and that on the record presented the case should be dismissed as a sanction. (ECF 14 at 2, 20).  The Court disagreed, finding that there was a material factual dispute on the current record about whether the racist note allegedly found in Plaintiff's locker was typed or handwritten, and that such dispute would be "more appropriately framed in context of fully-briefed motion for summary judgment" or for the factfinder at trial. (ECF 21 at 6-7); *see Montano v. City of Chi.*, 535 F.3d 558, 566-67 (7th Cir. 2008) ("Where a witness's testimony is a compound of truth and falsity, the prudent course is to permit the jury to sort throughout it . . . . (citation and internal quotation marks omitted)); *In re Dynex Capital, Inc., Sec. Litig.*, No. 05 Civ. 1897(HB)(DF), 2011 WL 2581755, at *5 (S.D.N.Y. Apr. 29, 2011) ("It is difficult to imagine how the Court could make the findings necessary to resolve Defendants' sanctions motion without impinging on the function of the jury.").

3

Ultimately, Defendant's arguments in its motion to reconsider amount to a mere rehashing of its prior arguments, apparently with the hope that they are more persuasive the second time around. *See, e.g.*, *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 527 (N.D. Ind. 2009) (denying the plaintiff's motion for reconsideration where it "attempt[ed] to rehash arguments that were already rejected by this Court"). Nothing in the motion to reconsider, however, constitutes grounds to alter the Court's prior ruling. That is, Defendant does not point to a "manifest error[] of law or fact" or "newly discovered evidence." *Caisse Nationale De Credit Agricole*, 90 F.3d at 1269; *see, e.g.*, *State Farm Fire & Cas. Co.*, 263 F.R.D. at 527. Instead, Defendant merely urges that the Court should adopt Defendant's interpretation of the evidence previously presented. That, however, is not the function of a motion to reconsider. Consequently, the Court will deny the motion and stand by its prior ruling.

## C. Attorney Fees

In the January 7th Opinion and Order, the Court ordered Plaintiff to pay the portion of Defendant's attorney fees relating to the "high blood pressure issue" in filing the motion for sanctions, directing Defendant to produce a fee affidavit in support of such expenses. (ECF 21 at 14). Defendant filed the affidavit on January 12, 2022, seeking fees in the amount of $275 for time spent seeking medical records plus $932, which it stated is "one-twelfth of the attorney-fee expenses incurred by [Defendant] in researching, preparing, revising, and finalizing [its] motion for sanctions." (ECF 22 at 2).

In its response brief to the motion to reconsider, Plaintiff objects to the method used by Defendant for the requested fees, contending that Defendant instead should "actually look at the time entries spent by the attorneys devoted to the issue of the 'high blood pressure' claim." (ECF

25 at 2). In its reply brief, Defendant responds that "[t]ime entries are not broken up by specific issues in the manner Plaintiff's counsel suggests," and that $1,207.42 is actually a conservative estimate for the time spent on the high blood pressure issue. (ECF 26 at 3). Defendant points out that it could also have sought—but did not—five percent of its deposition fees for the time spent deposing Plaintiff about the high blood pressure issue. (*Id.*).

Having considered the parties' arguments, the Court notes that Plaintiff does not dispute the $275 for time spent obtaining medical records, and such fee appears reasonable. And Defendant's methodology as to the $932 portion is understandable given that time entries were not separately documented for the high blood pressure issue. But given that Defendant did not raise the high blood pressure issue until its reply brief (s*ee* ECF 14, 20), it would be more reasonable to apportion the billing entries pertaining to Defendant's reply brief to account for the high blood pressure issue, rather than the motion in total. Therefore, Defendant will be ordered to file an amended fee affidavit based on the reply brief billing entries.

## D. Conclusion

For the foregoing reasons, Defendant's motion to reconsider (ECF 24) is DENIED. The Court stands by its Opinion and Order dated January 7, 2022 (ECF 21). As to Defendant's fee affidavit (ECF 22), Defendant is AFFORDED to and including March 8, 2022, to file an amended fee affidavit in accordance with this Opinion and Order.

SO ORDERED. Entered this 22nd day of February 2022.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge